MINUTES OF PROCEEDING
TERRY A. DOUGHTY
U.S. DISTRICT JUDGE
APRIL 7, 2020

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| BRANDON LIVAS, ET AL. | CIVIL ACTION NO. 2:20-CV-00422 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| RODNEY MYERS, ET AL. | MAG. JUDGE KATHLEEN KAY |

\*\*\*\*\*\*

Plaintiffs filed a Complaint in the above-referenced matter on April 6, 2020.  In that Complaint, they raised time-sensitive claims and requested injunctive relief.  As a result, the Court set a telephone conference for April 7, 2020, at 2:00 p.m.

The undersigned conducted the telephone status conference at the appointed time. Plaintiffs were represented by attorneys Bruce Hamilton, Somil Trivedi, and Jennifer Wedekind. Defendants appeared through and were represented by trial counsel, Assistant United States Attorney Karen King, and Assistant United States Attorney Katherine Vincent.  Also participating was Jason Sickler, Regional Counsel for the Bureau of Prisons ("BOP").  Also present were Kayla Dye McClusky, Law Clerk, and Amy Crawford, Courtroom Deputy.

Mr. Traveti noted that Plaintiffs have not yet filed a separate motion for a temporary restraining order or for preliminary injunctive relief because they would like to attempt to resolve the issues raised through a collaborative process with the BOP and counsel.

Ms. King noted that the Cares Act expanded the number of inmates who may be eligible for release or removal from the Oakdale facilities and that the memorandum issued by Attorney General Barr addressing the Cares Act only issued on Friday, April 3, 2020.  Prior to the April 3rd memorandum, Oakdale had identified three inmates who could be removed under the limited authority then available.  Mr. Sickler indicated that those three inmates have been further isolated from the prison population for a fourteen-day period in an effort to ensure that they do not have the corona virus and to prevent further spread.

Mr. Sickler reported a number of steps that have been taken at Oakdale to stop or slow down the spread of the virus, including, among others, temperature checks of staff and inmates, the issuance of soap to inmates, quarantining of inmates who have been exposed to the corona virus, the provision of surgical masks to inmates on a daily basis, isolating inmates who become ill, and the increase of staff to address medical needs.

Counsel for all parties agreed that inmates must be assessed on  a case-by-case basis to determine eligibility for release of some type, removal to other locations, or furlough.  The Director of the BOP is currently working on guidance for the facilities to use for these assessments.  While Plaintiffs' counsel would agree to a mediation on these issues, Ms. Vincent stated that they did not currently have authority for mediation.  Defendants' counsel also expressed concern that mediation could further slow the process at this point.

However, Defendants' counsel agreed to provide the Court under seal the name of the three inmates who were previously identified for removal from Oakdale as soon as possible. They further agreed to provide the framework or guidance under which decisions are being made as to the release, removal, or furlough of prisoners by noon on Friday, April 10, 2020.

Plaintiffs' counsel intends to review the provided information before making a decision to file a motion for injunctive relief. Counsel all indicated that they are available next week for a hearing by videoconference, if necessary.

The conference ended at 3:05 p.m.

                                                  TAD

