UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **BRANDON LIVAS, ET AL.** | **CIVIL ACTION NO. 2:20-CV-00422** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **RODNEY MYERS, ET AL.** | **MAG. JUDGE KATHLEEN KAY** |

**MEMORANDUM ORDER**

Plaintiffs filed a Complaint in the above-referenced matter on April 6, 2020. In that Complaint, they raised time-sensitive claims and requested injunctive relief. As a result, the Court set a telephone conference for April 7, 2020, at 2:00 p.m.

As a result of that status conference, Defendants provided the name of four inmates who were previously identified for removal from Oakdale. [Doc. No. 7]. However, only one of those inmates appears slated for release.

Additionally, on April 10, 2020, Defendants filed its "BOP'S Covid-19 Inmate Review Update" [Doc. No. 8]. As instructed, Defendants provided information on the framework or guidance under which decisions are being made as to the release, removal, or furlough of prisoners. Defendants also provided the history of the Attorney General's memos and their actions thereunder, as well as information on the conditions at the Oakdale facilities.

Plaintiffs' counsel had previously indicated that they would review the provided information before making a decision to file a motion for injunctive relief.

Today, April 13, 2020, Plaintiffs filed an "Emergency Motion for Release of Vulnerable and Low-Risk Prisoners from Oakdale [Doc. No. 9]. Along with the motion, Plaintiffs filed a memorandum and accompanying evidence. Plaintiffs seek the following relief:

(1) A temporary restraining order and/or preliminary injunction requiring Defendants to identify all Medically-Vulnerable Subclass Members within forty-eight (48) hours of the Court's order:

   a. For any Medically-Vulnerable Subclass Member whose release Defendants would like to challenge, Defendants must also present evidence within the same forty-eight (48) hour period that such individual presents such a serious risk of flight or imminent physical danger to others, even during home confinement and while Louisiana's stay-at-home order remains in place, that no other conditions can mitigate that risk;

   b. Following this submission, the Magistrate Judge in this action will determine within forty-eight (48) hours whether Defendants have shown by clear and convincing evidence that Defendants' evidence of a serious risk of flight or imminent physical danger, even during home confinement and while Louisiana's stay-at-home order remains in place, substantially outweighs the risk of COVID-19 contraction at Oakdale;

   c. The Court will immediately release all such persons for whom Defendants have not made the required showing;

(2) A temporary restraining order and/or preliminary injunction requiring Defendants to provide all persons released with educational resources on COVID-19 including instructions that they should self-isolate for the CDC-recommended period of time (currently 14 days) following release;

(3) A preliminary injunction, permanent injunction,and/or writ of habeas corpus requiring Defendants to:

   a. Continue to release all current and future Medically-Vulnerable Subclass members absent the showing described above in paragraph (1);

   b. Report weekly on the population of persons in Oakdale who are Medically-Vulnerable as defined in this action;

   c. Release additional Class Members, including those not considered Medically-Vulnerable, as needed to ensure that all remaining persons incarcerated at Oakdale are under conditions consistent with CDC and public health guidance to prevent the spread of COVID-19, including requiring that all persons be able to maintain social distancing; and

  (4) A declaration that Oakdale's policies violate the Eighth Amendment right against cruel and unusual punishment with respect to the Class Members.

[Doc. No. 9-1, p. 25].

  To the extent that Plaintiffs move for a temporary restraining order ("TRO"), Defendants have since been provided notice of the Complaint and allegations set forth and have been actively participating in this case. The Court finds, at this point, Plaintiffs seek a preliminary injunction. Accordingly,

  IT IS ORDERED that any motion for a TRO is DENIED AS MOOT.

  To the extent that Plaintiffs seek expedited consideration of their request for a preliminary injunction,

  IT IS ORDERED that the motion for emergency or expedited consideration is GRANTED.

  However, in order to fully consider Plaintiffs' request for a preliminary injunction and determine whether a hearing on the preliminary injunction is necessary, the Court seeks a response from Defendants. Therefore,

  IT IS ORDERED that Defendants must file a response to Plaintiffs' motion for a preliminary injunction no later than April 15, 2020.

  IT IS FURTHER ORDERED that Defendants file an additional response providing an update, if there is any, to the information provided on April 9 and 10, 2020, no later than noon on April 16, 2020. The Court particularly seeks an update on the projected release of medically vulnerable prisoners (under the criteria identified by the CDC) and of prisoners age 65 or older (with or without identified pre-existing health conditions).[1]  Finally,

---

[1] The Court is aware that Plaintiffs have identified the requisite age as 50; however, the Court seeks information on prisoners age 65 or older, as that class has been identified as higher risk by the CDC.

IT IS FURTHER ORDERED that a telephone status conference is set for April 16, 2020, at 3:00 P.M. Counsel shall call the conference line at the appointed line and enter the pass code previously provided. Counsel shall be prepared to provide immediate dates for a hearing and to provide input on how best to address the evidentiary issues which may arise during any such hearing.

MONROE, LOUISIANA, this 13th day of April, 2020.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE