UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| BRANDON LIVAS, RICHARD BUSWELL, DEWAYNE CORBETT, JOHNNY SMITH, CARLOS LORENZO MARTIN, and GAINES ANDREWS, on behalf of themselves and those similarly situated, <br><br> *Petitioners*, <br><br> v. <br><br> RODNEY MYERS, warden of Oakdale Federal Correctional Institutions; and MICHAEL CARVAJAL, Federal Bureau of Prisons Director, in their official capacities, <br><br> *Respondents*. | Case No. 2:20-cv-00422 <br><br> **Judge Terry A. Doughty** <br> **Magistrate Judge Kathleen Kay** <br><br><br> **Class Action** <br><br><br> **IMMEDIATE RELIEF SOUGHT** |

**PETITIONERS' OPPOSITION TO RESPONDENTS' MOTION TO STAY CONSIDERATION OF CLASS CERTIFICATION PENDING ADJUDICATION OF RESPONDENTS' MOTION TO DISMISS PETITIONERS' <u>PETITION AND EMERGENCY MOTION</u>**

For the reasons stated below, Petitioners request that this Court deny Respondents' Motion to Stay Consideration of Class Certification Pending Adjudication of Respondents' Motion to Dismiss Petitioners' Petition and Emergency Motion ("Motion to Stay").

Staying class certification would prejudice Petitioners and undercut judicial economy. Respondents are correct that class actions are preferred under Rule 23 because they promote judicial economy and protect those who cannot bring claims themselves. Motion to Stay at 3. Respondents are also correct that, for that reason, class certification should be decided "as soon as practicable." Fed. R. Civ. P. 23(c)(1); *see also* 7AA Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1785.3, Timing of Certification (3d ed.) (under Rule 23, "the general notion is that, when feasible, the certification decision should be made promptly"). Respondents simply apply these principles incorrectly.

First, Respondents have added to this Court's burden by filing the Motion to Stay. This Court is already deciding the Rule 12(b)(1) portion of Respondents' Motion to Dismiss this week. An assessment of the likelihood of Petitioners' success on the merits as part of the Preliminary Injunction proceedings will also take place this week. Petitioners will be filing their motion for class certification in the coming weeks, in keeping with the Local Rules. There is no reason to believe the Court will not move equally expeditiously to other elements of the case. Therefore, the only obstacle to judicial economy is Respondents' motion itself. *See Hiser v. NZone Guidance, LLC*, 1:18-CV-1056-RP, 2019 WL 2098091, at *1 (W.D. Tex. Mar. 27, 2019) (denying motion to stay class certification pending motion to dismiss in part because "rather [than] file an additional motion" defendant "could save considerable time and effort" by making the same arguments in a response to class certification). Moreover, hindering this Court's assessment of the class will in turn hinder its ability to craft potential relief flowing from the preliminary injunction proceedings; the Fifth Circuit disfavors such an approach. *See Payne v. Travenol Laboratories, Inc.*, 673 F.2d 798, 808 (5th Cir. 1982) (courts need not "refrain from reviewing the contours of class composition when they shape the contours of injunctive relief"). This is particularly apt here, where part of the injunctive relief that Petitioners seek directly applies to the alleged putative class. *See, e.g.*, Pet. at ¶¶ 79(2) (seeking an order "requiring Defendants to immediately release all Medically-Vulnerable Subclass Members"); 79(4) (asking the Court to order "[a]ll further action required to release Class Members outside the Medically-Vulnerable Subclass to ensure that all remaining persons are incarcerated in Oakdale under conditions consistent with CDC guidance to prevent the spread of COVID-19"); Mem. In Support of Petitioners' Emergency Mot. for Release of Vulnerable and Low-Risk Prisoners from Oakdale at 25 (seeking preliminary injunction requiring Defendants to identify and release

Subclass members). The Court should have the opportunity to review the contours of those class allegations in framing the relief, should it grant Petitioners' motion for preliminary injunction. Delaying consideration of the class allegations would only create additional burdens for the Court in crafting the appropriate remedy.

Second, Respondents attempt to bootstrap their merits arguments to this motion, but "nothing in either the language or history of Rule 23 [] gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974); *see also Miller v. Mackey Int'l*, 452 F.2d 424, 427 (5th Cir. 1971) ("In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met."). Moreover, Respondents offer little more than their "submission" that putative class members "are receiving adequate review" to cast doubt on the likelihood that Petitioners will succeed on their claims. These self-serving representations should not persuade the Court that judicial economy would be served by departing from the directive in Rule 23 to resolve class certification at an early, practicable time. The adequacy of Respondents' approach to COVID-19 is the ultimate issue in this litigation, and it is being addressed via the preliminary injunction proceedings mere days from now. Respondents' attempt to throw a wrench in those proceedings by simply "submitting" that the ultimate issue is of no import to the putative class is self-serving and disruptive.

Moreover, Petitioners would be prejudiced by staying class certification. COVID-19 spreads at an exponential rate and is already infecting putative class members; waiting for the filing of over 1,800 individual habeas or other petitions is far too time consuming. *See* Petition, Dkt. No. 1, at 1 n. 1. Any such post-conviction motions could also require new attorneys and be

cost-prohibitive. Lastly, because many putative class members are currently indisposed seeking medical treatment, and the alleged class includes future Oakdale prisoners, these putative class members may be unable to investigate or bring claims at all. *See, e.g.*, *J.D. v. Nagin*, 255 F.R.D. 406, 414 (E.D. La. 2009) (The "alleged class ... include[d] unnamed, unknown future ... [members] who will be affected by ... discriminatory policies, and joinder of unknown individuals is certainly impracticable and weighs in favor of certification.") (quoting *Pederson v. Louisiana State University*, 213 F.3d 858 (5th Cir.2000)). Notably, Respondents do not cite a single countervailing prejudice they would incur by simply allowing the case to take its natural course. Nor could they.

## CONCLUSION

For the reasons stated above, this Court should deny Respondents' Motion to Stay.[1]

Respectfully submitted this 21st day of April, 2020.

Respectfully submitted by:

| /s/ Bruce Hamilton | Somil Trivedi** |
|---|---|
| Bruce Hamilton, La No. 33170 | Jennifer Wedekind** |
| Katie Schwartzmann, La No. 30295 | AMERICAN CIVIL LIBERTIES UNION |
| ACLU-F of Louisiana | FOUNDATION |
| P.O. Box 56157 | 915 15th St., NW |
| New Orleans, La 70156 | Washington, DC 20005 |
| (504) 522-0628 | **admitted pro hac vice* |
| kschwartzmann@laaclu.org | |
| bhamilton@laaclu.org | |

---

[1] Alternatively, this Court has the equitable authority to provisionally certify the class for purposes of the upcoming preliminary injunction determination. *See Thomas v. Johnston*, 557 F. Supp. 879, 916 (W.D. Tex. 1983); *Thomas v. Heckler*, 598 F. Supp. 492, 500 (M.D. Ala. 1984). Given the appropriate speed with which the Court is moving this action, making a provisional certification decision alongside the upcoming preliminary injunction decision is a more efficient, less prejudicial approach than staying certification outright. It is also the approach that allows the Court to more quickly and directly "say what the law is." Motion to Stay at 5.

<div style="display: flex; justify-content: space-between;">

David Luger**  
Hannah O. Koesterer*  
KATTEN MUCHIN ROSENMAN LLP  
525 W. Monroe St.  
Chicago, IL 60661  
david.luger@katten.com  
hannah.koesterer@katten.com  

Ryan J. Meyer*  
KATTEN MUCHIN ROSENMAN LLP  
2121 Pearl St., Ste. 1100  
Dallas, TX 75201  
ryan.meyer@katten.com  
*pro hac vice applications forthcoming*

Andrea Woods*  
Brandon Buskey*  
Meredith Taylor Brown*  
Gabriel Arkles*  
AMERICAN CIVIL LIBERTIES UNION FOUNDATION  
125 Broad St.  
New York, NY 10004  
Tel. (212) 549-2500  
awoods@aclu.org  
*pro hac vice applications forthcoming*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2020, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

I further certify that copies of all pleadings and other papers filed in the action to date or to be presented to the Court at the hearing, have been furnished to the Defendants' attorneys, who have already made an appearance in this matter.

/s/ Bruce Hamilton  
Bruce Hamilton, La. Bar No. 33170

5