UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BRANDON LIVAS,** *ET AL.* | ) | **CIVIL ACTION NO.  20-cv-00422** |
| | ) | |
| **VERSUS** | ) | **JUDGE DOUGHTY** |
| | ) | |
| **RODNEY MYERS,** *ET AL.* | ) | **MAGISTRATE JUDGE KAY** |
| | ) | |

**RESPONDENTS' REPLY TO PETITIONERS' OPPOSITION TO
RESPONDENTS' MOTION TO DISMISS (JURISDICTION)**

Respondents, Rodney Myers, Warden of Oakdale Federal Correctional Institutions and Michael Carvajal, Federal Bureau of Prisons Director, in their official capacities, by and through David C. Joseph, United States Attorney for the Western District of Louisiana, and Karen J. King, Assistant United States Attorney, offers the following reply to Petitioners' opposition to Respondents' Motion to Dismiss on the basis of lack of subject matter jurisdiction:

**INTRODUCTION**

Following a status conference with the Court, Petitioners' were ordered to respond to the jurisdictional issues in Respondents' motion to dismiss by April 20 (Doc. 12), with Respondents' reply to any such response due April 21. Pending the Court's determination of jurisdiction, a hearing on Petitioners' motion for preliminary injunction has been set for April 23 and the Court has reserved its ruling on Respondents' motion to dismiss for failure to state a claim under Rule 12(b)(6), FED.R.CIV.P. Doc. 15.

Petitioners have opposed Respondents' motion to dismiss arguing that 28 U.S.C. § 2241 is the proper jurisdictional vehicle for their claims. Doc. 19 at 6. Petitioners stress that their petition challenges the very fact of their confinement, and the remedy they seek is release. *Id*. at

7.

## ARGUMENT

*Citing Preiser*[1], *Abbasi*[2], and *Bell*[3], Petitioners assert that the "Supreme Court has left the door open to so-called 'conditions of confinement' challenges under the habeas regime." *Id*. at 9, n. 6). However, the availability of habeas relief for challenges of conditions of confinement was not before any of the cited courts. As recently noted by another court, these cases, "reveal neither a ringing endorsement nor an outright prohibition." *Money v. Pritzker*, ---F.Supp. 3d ---, Nos. 20-cv-2093 & 20-cv-2094, 2020 WL 1820660, at *9 (N.D. Ill. Apr. 10, 2020). Moreover, Petitioners are unable to provide any Fifth Circuit precedent finding that conditions of confinement claims may be brought under § 2241. If *Preiser*, *Ziglar*, and *Bell* have left the door open, then the Fifth Circuit, thus far, has declined the invitation to enter.

At bottom, Petitioners seek release from confinement at FCC Oakdale based on issues associated with COVID-19 and the BOP response, or alleged lack thereof, to the virus. Clearly, in this injunction, Petitioners are seeking a change in the location of their confinement from FCC Oakdale. In response, Respondents raised the jurisdictional bar found in 18 U.S.C. § 3621 which prohibits this Court from judicially reviewing the placement of prisoners by the BOP. Petitioners do not disagree that pursuant to 18 U.S.C. §3621, the classification and placement of inmates is committed to the discretion of the BOP and once that discretion is exercised, "a designation of a place of imprisonment under this subsection is not reviewable by any court." 18 U.S.C. § 3621(b).

---

[1] *Preiser v. Rodriguez*, 411 U.S. 475 (1973).
[2] *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017).
[3] *Bell v. Wolfish*, 441 U.S. 520 (1979).

Instead, Petitioners contend that the conditions under which the prisoners are housed can be reviewed by this Court, if these conditions constitute constitutional violations.[4]

The Petitioners here are not eligible for home confinement under the CARES Act. To the extent that Petitioners would have this Court review the BOP's decision as to their eligibility for home confinement and reverse the decision made pursuant to the BOP's discretion, the Court is not authorized to do so. *United States v. Yates*, No. 15-40063-01-DDC, 2019 WL 1779773, at *4 (D. Kan. Apr. 23, 2019) ("[I]t is BOP—not the courts—who decides whether home detention is appropriate."); *United States v. Gould*, No. 7:05-CR-020-O, 2018 WL 3956941, at *1 (N.D. Tex. Jan. 17, 2018) ("[T]he BOP is in the best position to determine whether RRC/halfway house placement would be of benefit to [the defendant] and to society in general."); *Creager v. Chapman*, No. 4:09-cv-713, 2010 WL 1062610, at *3 (N.D. Tex. Mar. 22, 2010) (stating that "nothing in the Second Chance Act of 2007, or 18 U.S.C. § 3621(b) entitles ... any prisoner to placement in a residential reentry center"); *see also*, *Fullenwiley v. Wiley,* 1999 WL 33504428, at *1 (N.D.N.Y Oct. 5, 1999) ("[D]iscretionary decisions by the BOP made pursuant to its authority under § 3621(b) are not subject to judicial review").

Petitioners have requested that this Court change their location of confinement due to

---

[4] Petitioners' Eighth Amendment claims most resemble a "civil action with respect to prison conditions" as governed by the Prison Litigation Reform Act of 1995 ("PLRA"). 18 U.S.C. § 3626(g)(2). The PLRA defines "civil action with respect to prison conditions" broadly to mean "any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but [that term] does not include habeas corpus proceedings challenging the fact or duration of confinement in prison[.]" *Id.* The PLRA, 18 U.S.C. § 3626, places strict limits on courts' ability to order the release of inmates "in any civil action in Federal court with respect to prison conditions…" and precludes a single district judge from doing so. 18 U.S.C. § 3626(a)(3)(B). The PLRA strictly limits the relief that this Court may grant and precludes the Court from releasing inmates from Oakdale as requested by Petitioners. 18 U.S.C. § 3626(a)(3)(B).

COVID19. Petitioner attempts to obscure this request by urging that the request is based on a constitutional violation, which would actually be cognizable as a civil rights action. The decision concerning where to house inmates is within the sole discretion of the BOP and is not reviewable by the District Court. Petitioners cannot overcome the twin hurdles of sovereign immunity[5] and subject matter jurisdiction in this context by defaulting to an alleged constitutional violation on behalf of the Petitioners.

The distinction that Respondents make between habeas actions and conditions of confinement actions, is a distinction with a difference. This difference was recognized by Congress when it enacted the PLRA "to oust the federal judiciary from day-to-day prison management." *Inmates of Suffolk Cty. Jail v. Rouse*, 129 F.3d 649, 655 (1st Cir. 1997). "Congress intended the PLRA to revive the hands-off doctrine," which was "a rule of judicial quiescence derived from federalism and separation of powers concerns." *Gilmore v. People of the State of Cal.*, 220 F.3d 987, 991, 997 (9th Cir. 2000). "Courts must be sensitive to the State's interest in punishment, deterrence, and rehabilitation, as well as the need for deference to experienced and expert prison administrators faced with the difficult and dangerous task of housing large numbers of convicted criminals." *Brown v. Plata*, 563 U.S. 493, 511 (2011). Section 3626 thus "restrict[s] the equity jurisdiction of federal courts," *Gilmore*, 220 F.3d at 999, and, "[b]y its terms . . . restricts the circumstances in which a court may enter an order 'that has

---

[5] Petitioners cite multiple inapposite cases related to sovereign immunity. Respondents do not argue that the United States has not waived sovereign immunity in various contexts, *e.g.* the Quiet Title Act of 1972, 28 U.S.C. § 2409a(a). Respondents argue that it is incumbent upon Petitioners to establish that the government has waived sovereign immunity to be sued in this case. Here, Petitioners concede that their only purported jurisdictional basis in this case is § 2241. Doc. 19 at 6, n.3. Petitioners mention jurisdiction under 42 U.S.C. § 1983; however, Section 1983 only applies to state actors. *Id*. at 11, n.7.

the purpose or effect of reducing or limiting the prison population.'" *Plata*, 563 U.S. at 511 (quoting 18 U.S.C. § 3626(g)(4)). The PLRA's "requirements ensure that the 'last remedy' of a population limit is not imposed 'as a first step.'" *Id.* at 514 (quoting *Inmates of Occoquan v. Barry*, 844 F.2d 828, 843 (D.C. Cir. 1988)). "The release of prisoners in large numbers . . . is a matter of undoubted, grave concern." *Id.* at 501.

Petitioners cite at least eight cases in various jurisdictions, outside of the Fifth Circuit[6], where courts have permitted petitioners to seek habeas relief based upon COVID-19.[7] Doc. 19 at 9 -11. Of those eight, seven were brought by immigration detainees and one[8] was brought by a pre-trial detainee. However, habeas relief has routinely been acknowledged as the appropriate vehicle for detainees to challenge their custody. *See Braden v. 30th Judicial Cir. Ct. of Kentucky*, 410 U.S. 484, 488 (1973); *see also*, *Chin Yow v. U.S*., 208 U.S. 8, 13 (1908); *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Petitioners also cite *United States v. Brady*, 2020 WL 1865486, at *1 (M.D. Pa. Apr. 14, 2020). Brady, who is confined in Connecticut, filed a motion for release to home confinement in his sentencing court in Pennsylvania. When the government responded to the complaint as a request for compassionate release, the court on its own volition, converted the action to a petition under § 2241, relying on *Preiser* to conclude, with little analysis and without the benefit of any argument from the government, that § 2241 was the proper vehicle for an

---

[6] Petitioners also reference two civil rights actions decided by this Court. However, the relief sought in Vandyke and Newton was accelerated release. The Plaintiffs in both cases sought early parole.

[7] It is clear that circuits and courts across the country are split on the issue of habeas relief for conditions of confinement claims. This is evident even within the same districts. *See Vazquez Barrera v. Wolf*, No. 4:20-cv-1241, 2020 WL 1904497, at *4 (S.D. Tex. Apr. 17, 2020) (court "has jurisdiction to rule on Plaintiffs' petition for habeas corpus" based on medical vulnerability to COVID-19 infection), *but compare*, *Sacal-Micha*, 2020 WL 1815691, at *5 n. 6 (S.D. Tex. Apr. 9, 2020) ("[The Fifth Circuit has not recognized] habeas corpus as a permissible avenue for relief from alleged inadequate conditions of confinement.")

[8] *Mays v. Dart*, No. 20-cv-2134, 2020 WL 1812381 (N.D. Ill. Apr. 9, 2020).

inmate to challenge "the fact or length of confinement." *Id*. The Court then transferred the action to the District of Connecticut. *Id*.

The one case cited by Petitioners that is instructive is *Money v. Pritzker*, ---F.Supp. 3d ---, Nos. 20-cv-2093 & 20-cv-2094, 2020 WL 1820660 (N.D. Ill. Apr. 10, 2020). In *Money*, inmates from various Illinois Department of Correction facilities brought purported class action lawsuits seeking release of over 12,000 prisoners in light of the COVID-19 pandemic. The Court held that the PLRA prevented it from entering the relief requested by Petitioners for the release of inmates. *Id*. at *14. In discussing the distinction between civil rights actions and actions for habeas relief, the court recognized that the typical test, "[W]hen the fact or duration of confinement is at issue and release is the remedy, habeas is the preferred route. If prisoners are challenging conditions of confinement, [a civil rights action] is the method [,]" is too simple. *Id*. at *8. Petitioners here, as in *Money*, do not seek relief from the underlying criminal judgments, nor do they seek an early release from custody. Instead, they seek to be released from prison temporarily, while remaining in the custody of the BOP. Petitioners challenge their conditions of confinement, which supports the position that a civil rights action would be the proper avenue to pursue their claims. Petitioners seek not only their own release from the "prison environment," but also the entire purported class. *Id*. The problem with permitting Petitioners to proceed under § 2241 is that Congress has specifically limited federal judicial authority in this area under the PLRA as discussed above. While the PLRA applies to federal civil actions related to conditions of confinement, habeas proceedings are specifically excluded. Clearly, it was Congress' intent that conditions of confinement claims be channeled through the PLRA. As noted by the district

6

court in *Money*, while it is "abundantly clear that Plaintiffs may proceed on their claims under Section 1983," it is merely "plausible – though far less certain – that [plaintiffs] also have a right to seek habeas relief as well."

The petition should be dismissed as Petitioners have failed to establish a jurisdictional basis for the Court to hear this matter. The Court is barred from reviewing Respondents' decisions regarding classification and placement of inmates. Further, Petitioners are unable to establish the court's jurisdiction under § 2241. Petitioners cannot invoke habeas corpus to challenge their conditions of confinement. Their remedy, if any, is a civil rights action. The court does not have authority to resolve these matters via a habeas petition. Thus, the petition and the attendant Motion for Preliminary Injunction should be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Petitioners' *Petition for Writ of Habeas Corpus, Injunctive, and Declaratory Relief* and *Petitioners' Emergency Motion for Release of Vulnerable and Low-Risk Prisoners from Oakdale.*

        Respectfully submitted,

        DAVID C. JOSEPH
        United States Attorney

BY:   *s/ Karen J. King*
        KAREN J. KING (#23508)
        KATHERINE W. VINCENT (#18717)
        Assistant United States Attorney
        800 Lafayette Street, Suite 2200
        Lafayette, Louisiana 70501
        Telephone:   (337) 262-6618
        Facsimile:    (337) 262-6693

Email:      karen.king@usdoj.gov